NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STANFORD PAUL BRYANT,

Plaintiff - Appellant,

v.

TIM OCHOA; et al.,

Defendants - Appellees.

No. 10-56714

D.C. No. 3:10-cv-00273-W-WMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

California state prisoner Stanford Paul Bryant appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

retaliation and denial of due process.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal for failure to state a claim under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly dismissed Bryant's retaliation claim against defendants Drake and Madden because Bryant failed to allege that they took any adverse action against him for exercising his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claim).

However, Bryant appears to have sufficiently alleged a retaliation claim against the remaining defendants, who allegedly directly or indirectly disciplined Bryant through a false rules violation in retaliation for making verbal complaints, submitting written grievances, and/or filing a civil rights action against them or other prison officials. *See id.*; *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se complaint must be held to less stringent standards despite changes in pleading standard applicable to other civil litigants).

The district court failed to address Bryant's due process claim, alleging that he was denied the right to present evidence and witnesses during a disciplinary hearing that resulted in administrative segregation for eighteen months and caused him to be indicted for battery against a peace officer.

Accordingly, we vacate the judgment as to Bryant's due process claim and

his retaliation claim against defendants other than Drake and Madden, and remand for further proceedings.  To the extent that Bryant's due process claim is based on his indictment and/or conviction on charges of battery against a peace officer, we also remand for consideration of whether this claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).

Bryant's remaining contentions are unpersuasive.

Bryant shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**